UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA     : | |
| : | CRIMINAL NO.  07-346 (JDB) |
| v.                                                      : | |
| : | |
| TERRENCE S. WALTERS,               : | |
| : | |
| Defendant.            : | |

GOVERNMENT'S OPPOSITION TO DEFENDANT'S  MOTION
FOR MODIFICATION OF CONDITIONS OF RELEASE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes the Defendant's Motion for Modification of Bond and for Emergency Hearing. As grounds for its opposition, the government states the following:

**Factual and Procedural Background**

1. On November 14, 2007, defendant Terrence Walters was arrested in possession of 519 grams of powdered cocaine and a loaded Taurus 9 mm semi-automatic handgun.  On November 15, 2007, he was charged in a complaint with  possession with intent to distribute cocaine in violation of 21 U.S.C. § 841 (a)(1).  That same day, defendant was presented to Magistrate Judge Kay, who held defendant pursuant to a serious drug felony hold under 18 U.S.C. § 3142 (f)(1)(C).

2. On November 19, 2007, United States Park Police executed a search warrant at 3790 Martin Luther King Avenue, SE, Apartment 7B, Washington, D.C., an apartment they believed belonged to defendant based on mail matter found in his backpack at his arrest on November 14, 2007, and the fact that defendant's name was on the mail box.  Inside the

apartment, officers located a total of 33 grams of crack cocaine, drug paraphernalia for cooking and packaging crack cocaine, tally sheets, two semi-automatic handguns and additional ammunition.

    3.    On November 20, 2007, Magistrate Judge Kay heard testimony from two officers on the case at a combined preliminary and detention hearing. The Court found probable cause that defendant had committed the crime charged. Det. Mem. at 3. The Court found moreover that a rebuttable presumption arose that no condition or combination of conditions could be imposed that would reasonably assure the safety of the community pursuant to 18 U.S.C.§ 3142 (e). Id. at 3-4. The Court considered the four factors set out in § 3142 (g), and concluded that each factor favored detention for the defendant. Id. at 4-5. Finally, the Court found by clear and convincing evidence that defendant could not defeat the presumption in favor of detention, and found that no condition or combination of conditions could be imposed to assure the safety of the community. Id. at 5. Thus the Court determined that defendant must be held pending trial under the statute.

    4.    On December 20, 2007, defendant was arraigned in a seven-count drug and weapons indictment that charged him not only with the drugs and weapon found in his backpack at the time of his arrest, but with the drugs and guns found in his apartment five days later.

    5.    On January 3, 2007, defendant filed the instant motion for bond review. The United States now responds to that motion.

### Argument

Defendant's bond review motion raises no new facts that could possibly defeat the presumption that he should be held. Magistrate Judge Kay held defendant because of the dangerousness to the community of defendant's offense – that is, the possession of 519 grams of

powdered cocaine, thirty-three grams of crack cocaine, paraphernalia for cooking and packaging cocaine, and *three* semi-automatic handguns.  Defendant therefore stands before this Court having been found in possession of a lethal combination of guns and drugs.

Defendant urges that he should be released because the Maryland Department of Motor Vehicles has offered him a job.  But the possibility of employment is not a new ground for bond review at all – according to the Pretrial Services Agency report ("PSA"), pretrial verified that defendant was employed at the time of his arrest as a mechanic at Metro.  PSA at 4.  The same is true of counsel's statement that he had verified defendant's address in Clinton, Maryland.  This address had been verified by pretrial at the time of the detention hearing.  PSA at 3.  Thus, defendant raises no new arguments or facts that were not already before Magistrate Judge Kay when he held defendant on November 20, 2007.

Even if the Court were inclined to weigh independently the factors under § 3142 (g), defendant cannot defeat the presumption that he should be held.  The offenses charged carry a prison sentence of ten years or more – and, in fact, defendant faces a mandatory minimum sentence of incarceration of at least 15 years if convicted.[1]  The value of the drugs found in defendant's car alone have a street value of over $50,000, see Det. Mem. at 4, and he possessed three guns.  Second, the case against defendant is very strong because of the defendant's proximity to the guns and drugs and the numerous pieces of identification tying him to the contraband.  Third, defendant has a prior felony conviction for possession of a weapon.  Fourth, as discussed above, defendant's offense conduct poses an extreme danger to the community.

---

[1] Defendant has been indicted on four charges carrying mandatory minimum sentences of five years: Count Two (PWID 500 Grams or More of Cocaine); Count Four (Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense); Count Six (PWID 5 Grams or More of Cocaine); and Count Seven (Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense).

This Court can have no confidence that the community would be safe if defendant were released from jail.

**Conclusion**

Defendant's motion for bond review advances no facts that were not before the Court when the Court determined on November 20, 2007, that no condition or combination of conditions could assure the safety of the community if defendant were released. Even if the Court were to revisit its determination, defendant's offense conduct is so dangerous that, given the factors to be weighed under § 3142 (g), defendant cannot defeat the rebuttable presumption that he must be detained pending trial. Accordingly, the United States respectfully requests that defendant's motion be denied summarily.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
D.C. BAR NO. 489-610

BY:   ____*/s/ David P. Saybolt*____
DAVID P. SAYBOLT
Assistant United States Attorney
Virginia Bar # 44518
U.S. Attorney's Office
555 Fourth Street NW, Room 4840
Washington, DC 20530
(202) 307-6080
David.Saybolt@usdoj.gov