UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JAN 28 2008
Clerk, U.S. District and
Bankruptcy Courts

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>TERRENCE WALTERS,<br><br>Defendant. | Criminal No. 07-346 (JDB) |

## MEMORANDUM AND ORDER

Defendant Terrence Walters has moved for modification of bond. He was originally arrested and charged by complaint with possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). Following a detention hearing, Magistrate Judge Kay found probable cause that defendant had committed the charged offense and that a rebuttable presumption arose "that no pretrial release condition or combination of conditions may be imposed to assure his future presence in court or to reasonably assure the safety of the community. 18 U.S.C. § 3142(c)." Detention Mem. at 3-4. The court assessed the four relevant factors, see 18 U.S.C. § 3142(g), and concluded that all supported defendant's detention. Detention Mem. at 4-5. Finding by clear and convincing evidence that defendant could not defeat the presumption in favor of detention, Magistrate Judge Kay ordered defendant detained without bond. Id.

Defendant has now been indicted on seven counts of serious drug and weapons offenses, based on drugs and weapons seized at his arrest and in a subsequent search of what appears to be his apartment. Over 500 grams of powder cocaine, 33 grams of crack cocaine, various drug paraphernalia, and three semi-automatic handguns form the basis of the charges against defendant.

There is no ground whatsoever for this Court to disagree with Magistrate Judge Kay's conclusions as to probable cause, the relevant presumption of detention without bond, and

defendant's failure to overcome that presumption. Indeed, defendant faces more serious charges based on more drugs and more weapons now that he has been indicted. And he offers no new facts or circumstances to defeat the presumption that he should be held pending trial.

Defendant points first to his pending job offer with the Maryland Department of Motor Vehicles. But that possibility of employment is not a new fact, as his employment as a mechanic at Metro was verified at the time of his arrest. Nor does the verification of his address or the fact that he has provided financial and emotional support for his three children present any new relevant considerations. Those facts and defendant's request and willingness to be placed in the Heightened Supervision Program simply cannot overcome the strength of the case against him, the seriousness of the offenses involving substantial quantities of drugs and three semi-automatic handguns, the obvious danger to the community these offenses present, and the presumption of detention under the factors in § 3142(g).

Accordingly, for the reasons explained above, and set out in Magistrate Judge Kay's November 20, 2007 Detention Memorandum, it is this __28th__ day of January, 2008, hereby

**ORDERED** that defendant's motion for modification of bond is **DENIED**.

/s/
JOHN D. BATES
United States District Judge