IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| : | |
| v. : | Case No.: 07-346 |
| : | |
| TERRENCE WALTERS : | |
| : | |
| **Defendant.** : | |

DEFENDANT'S MOTION TO SUPPRESS TANGIABLE EVIDENCE AND STATEMENTS AND INCORPORATED
<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

Defendant Terrence Walters, by and through counsel, Brian K. McDaniel and McDaniel and Associates, P.A., respectfully requests that this Court suppress all physical evidence seized in violation of the Fourth Amendment as a result of the execution of a vehicular search that occurred on November 14, 2007, at the intersection Galveston street and South Capitol Street SE Washington D.C. and the subsequent search of the address know as 3790B Martin Luther King Avenue Apartment Number 7B in Southeast, Washington D.C. on November 19, 2007.

Such evidence as it relates to the search of the car, includes, but is not limited to, a clear sandwich bag containing a green leafy substance; $2,360.00 of U.S. currency; a Taurus PT99 9mm semi-automatic handgun, one clear sandwich bag containing a white powder substance and other personal documents. The search of 3790B Martin Luther King Avenue was conducted only after the unlawful search and arrest of Mr. Walters. Officers allegedly recovered 33 grams of suspected crack cocaine a .380 and .45 caliber semi-automatic handgun. The Fourth Amendment to the United States Constitution guarantees that " [t]he right of the people to be secure in their persons, houses, papers,

and effects, against unreasonable searches and seizures, shall not be violated[.]" Warrantless searches, such as the one Mr. Walters was originally subjected to on November 14, 2007 are presumptively unreasonable. *Katz v. United States*, 389 U.S. 347, 357 (1967). The burden lies with the government to show sufficient basis for the seizure of Mr. Walters. *Malcolm v. United States*, 332 A. 2d 917, 918 (D.C. 1975).

Furthermore, Mr. Walters, respectfully requests that the Court suppress any statements allegedly made to MPD officers on the grounds that they were not made voluntarily. Mr. Walters also requests that the Court suppress a subset of statements on the ground that they occurred in violation Miranda v. Arizona, 384 U.S. 436 (1966), and its progeny.

The grounds for this motion are more fully stated in the accompanying memorandum of law. Mr. Walters requests an evidentiary hearing on this motion.

                                              Respectfully Submitted,

                                              _____
                                              Brian K. McDaniel, Esq.
                                              McDaniel & Asso. P.A.
                                              1211 Connecticut Avenue, NW
                                              Suite 506
                                              Washington, DC 20036
                                              202-331-0793

**MEMORANDUM OF POINTS AND AUTHORITIES**

**A.      BACKGROUND**

Mr. Walters is charged in a seven-count indictment with criminal conduct that allegedly occurred on or about November 14, 2007 and November 19, 2007, within the District of Columbia. Count 1 charges the unlawful possession of a firearm and ammunition by a person convicted of crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, United States Code, § 922 (g) (1). Count 2 charges the unlawful possession with the intent to distribute 500 grams or more of cocaine in violation of Title 21, U.S.C. § § 841 (a) (1) and 841(b) (1) (B) (ii). Count 3 charges the unlawful possession of a Controlled Substance, in violation of Title 21, United States Code, Section 844(a). Count 4 charges the using, carrying and possession of a firearm during a drug trafficking offense, in violation of Title 18, United States Code, Sections 924 (c) (1). Count 5 charges the unlawful possession of a firearm and ammunition by a person convicted of crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, United States Code, § 922 (g) (1) on November 19, 2007. Count 6 charges the unlawful possession with the intent to distribute 5 grams or more of cocaine in violation of Title 21, U.S.C. § § 841 (a) (1) and 841(b) (1) (B) (iii) and Count seven charges the using, carrying and possession of a firearm during a drug trafficking offense, in violation of Title 18, United States Code, Sections 924 (c) (1) on November 19, 2007. The aforementioned charges stem from the warrantless search and arrest of Mr. Walters by officers of the Metropolitan Police Department on November 14, 2007.

According to the Government, the incident occurred on November 14, 2007, where Officers allegedly observed a Blue Buick which was eligible for a tinted windows citation. A traffic-stop ensued where the defendant was contacted and readily identified by his permit and registration as Terrence Walters. Deputy Sgt. Monhan, one of the arresting officers, then alleges that as he made contact with Mr. Walters he "detected the odor of burnt marijuana" and alleges that Mr. Walters voluntarily directed officers to his coat pocket where a quantity of marijuana was located. Mr. Walters vehemently denies either giving the officers permission to search his person or his vehicle and denies having smoked in the vehicle such that the odor of marijuana would be present in the vehicle. A subsequent search of the vehicle as a result of the pretextual stop alleged produced the items referred to above. It is Mr. Walter's further contention that at all times while in the commission of operating his vehicle on the day in question that he was in adherence to all traffic regulations observed within the District of Columbia.

As a result of the stop, defendant Walters was asked to exit the vehicle, where arresting officers allege that Mr. Walters agreed to the search of his person by saying something regarding the outer right jacket pocket of his coat."[1] It is also the Government's contention that before the defendant was Mirandized he made statements concerning the Martin Luther King apartment address. However, it is Mr. Walters contention that at no time during the seizure of his person and vehicle were his Miranda rights read to him.

When the officers seized Mr. Walters, they did so without reasonable articulable suspicion or probable cause; furthermore it appears that the officers did not have cause to

---

[1] As referenced in the police report attending Mr. Walters' arrest and discovery as provided by the Government in this matter.

4

arrest Mr. Walters thereby rendering their search of the vehicle violative of the Fourth Amendment. Therefore, all tangible evidence allegedly obtained and any statements regarding the tangible evidence should be suppressed as the *fruit of an illegal seizure* in violation of the Fourth Amendment. *Wong Sun v. United States,* 371 U.S. 471, 484 (1963).

A.   ARGUMENT

I.   ALL PHYSICAL EVIDENCE OBTAINED FROM MR. WALTERS WERE SECURED IN VIOLATION OF HIS FOURTH AMENDMENT RIGHTS AND MUST BE SUPPRESSED.

Mr. Walters was illegally seized. "Stopping an automobile and detaining its occupants constitute[s] a 'seizure' within the meaning of the [Fourth] Amendment ." *Delaware v. Prouse*, 440 U.S. 648, 654 (1979). In order to justify such a seizure, the officer must have sufficient facts to establish at a minimum a reasonable articulable suspicion of unlawful conduct. Id. at 663. A search following an unlawful seizure cannot be justified based upon what the search reveals. *Brown v. United States*, 590 A. 2d 1008, 1013 (1991) (quoting* *United States v. Di Re*, 332 U.S. 581, 595 (1948)).

When Mr. Walters was seized on November 14, 2007, Mr. Walters was not committing any illegal acts. The Metropolitan Police had no valid legal justification for the initial detention of Mr. Walters. Mr. Walters was simply driving through the intersection, in attempt to reach his destination. As a result of his illegal seizure, police allegedly obtained tangible evidence and statements, from Mr. Walters. The police seized Mr. Walters without reasonable articulable suspicion or probable cause, in violation of *Terry v. Ohio*, 392 U.S. 1, 27 (1968).

In addition, there is language from the Supreme Court suggesting that *Terry* permits only a very brief detention. MPD General Order, Series 304, No. 10, limits the permissible duration of a Terry stop to ten minutes.  In *United States v. Sharpe,* the court stated that a detention should not last longer that necessary for the legitimate investigative purpose that prompted the stop. 470 U.S. 675 (1985).

In the instant case, the government alleges that the Defendant was detained solely to ascertain the level of tint on the windows of the vehicle and possibly issue a citation. The Defendant was detained longer than necessary for the investigative purposes of the stop. During a traffic stop, the police may detain the car's occupants only for the time required to issue a ticket and check the driver's license and registration. *See Carr v. United States,* 758 A. 2d 944 (D.C. 2000). The police did not do this in the instant case but detained the Defendant longer than necessary. The stop of a vehicle is clearly a seizure.  As a result, the police did not have reasonable articulable suspicion or probable cause to search the vehicle being operated by Mr. Walters. See *Michigan v. Long*, 463 U.S. 1032 (1983).

In *New York v. Belton,* 453 U.S. 454, 101 S.Ct. 2860 (1981), the Court held that "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." Mr. Walters had not committed any infraction which warranted his arrest which purportedly gave support for the search.

**II.    THE PHYSICAL EVIDENCE MUST BE SUPPRESSED AS FRUIT OF THE UNLAWFUL SEIZURE OF MR. WALTERS.**

The fruit of an unlawful seizure is inadmissible as evidence against the victim of the seizure. Wong Sun v. United States, 371 U.S. 471, 484 (1963). Here, police without probable cause or reasonable articulable suspicion illegally stopped Mr. Walters. To justify a *Terry* stop, the police must have "reasonable grounds to believe" that "criminal activity may be afoot." *Terry,* 392 U.S. at 27.

Furthermore, "inarticulable hunches" cannot justify Fourth Amendment intrusions *Id.* at 22. The government alleges that a search occurred incident to arrest of the Defendant, however, the Court has adopted a two-part test: " a court must first put itself in the officers' position and determine whether the (seized object) was within the arrestee's control when he was arrested. The court must then consider whether events occurring after the arrest but before the search were unreasonable." *Young v. United States,* 670 A.2d 903, 906 (D.C. 1996). The stop in this instant case can be deemed a stop pursuant to the doctrine of *Terry*. The Defendant was detained longer than necessary for officers to ascertain the information pertinent to the stop. This should be a factor that the court considers unreasonable.

Consequently, all tangible evidence allegedly obtained following Mr. Walters' illegal seizure must be suppressed as fruits of an illegal seizure in violation of the Fourth Amendment. *Id*. at 488.

**III.  ALL STATEMENTS IN THIS CASE WERE SECURED IN VIOLATION OF MR. WALTERS' FIFTH AMENDMENT RIGHTS AND MUST BE SUPPRESSED.**

**A.      Metropolitan Police Department officer Obtained Statements from Mr. Walters before he was advised of his <u>Miranda</u> rights.**

At the start of any custodial interrogation, police are required to advise citizens that they have the right to remain silent; that anything they say may be used against them; that they have a right to counsel; that they can ask for the attorney to be present while they are questioned; and that, if they are indigent, the court will appoint an attorney for them. <u>Miranda v. Arizona</u>, 384 U.S. 436, 467 (1966). The Government has the burden of showing that these warnings were given. <u>Id.</u> at 479. The Government cannot meet that burden in Mr. Walters' case. An evidentiary hearing will show that Mr. Walters was in custody at the time all statements were made and that Metropolitan Police detained him. Mr. Walters was therefore in custody. <u>Stansbury v. California</u>, 511 U.S. 318 (1994); <u>Miley v. United States</u>, 477 A. 2d 720, 722 (1984). As such, the officers were required to inform Mr. Walters of his constitutional rights prior to the beginning of any interrogation.

Under <u>Miranda</u>, the term "interrogation" refers to any conduct by the police, which the police should know is likely to elicit an incriminating response from the suspect. <u>Rhode Island v. Innis</u>, 446 U.S. 291, 301 (1980). (other than those normally attendant to arrest and custody). Furthermore, statements of the Defendant who was held in custody and has not been read his Miranda Rights about evidence found without the presence of counsel can be deemed as a custodial interrogation. An "evaluation of all the circumstances of the interrogation" will show that Mr. Walters' statements were not a "product of an essentially free and unconstrained choice by its maker." <u>See e.g., Culombe</u>

v. Connecticut, 367 U.S. 568, 602 (1961). Accordingly, the statements must be suppressed.

**Mr. Walters Never Made a Knowing, Intelligent, and Voluntary Waiver of His <u>Miranda</u> Rights.**

Even if the Government can somehow establish that Mr. Walters was informed of his <u>Miranda</u> rights prior to his custodial interrogation, the Government will not be able to demonstrate that Mr. Walters made a knowing, intelligent, and voluntary waiver of his <u>Miranda</u> rights. Moreover, the Government will not be able to show that Mr. Walters was competent to waive his <u>Miranda</u> rights.

The Government bears the burden of demonstrating by a preponderance of the evidence that any statements made by Mr. Walters were preceded by a valid waiver of his Miranda rights. <u>Miranda v. Arizona</u>, 384 U.S. 436, 471 (1966); <u>Wilkerson v. United States</u>, 432 A. 2d 730, 734 (D.C. 1981). The Government cannot meet its burden in this case.

The District of Columbia Court of Appeals has identified four primary factors when determining whether a valid waiver of rights had been made: 1) the Defendant's prior experience with the legal system; 2) the circumstances of the questioning; 3) any allegation of coercion or trickery; and 4) any delay between arrest and the statement. See <u>Rosser v. United States</u>, 313 A. 2d 876, 878 (D.C. 1974). These factors do not concede to a valid waiver of his Miranda rights by Mr. Walters.

There is no indication that a valid waiver took place prior to any statements made. Any statement given before obtaining a valid waiver of his <u>Miranda</u> rights violated the principles of <u>Miranda v. Arizona</u>, 384 U.S. 436, 471 (1966). Any statement must therefore be suppressed. <u>Lewis v. United States</u>, 483 A. 2d 1125, 1127 (D.C. 1984).

9

Such circumstances contradicts Miranda and its progeny, the statements made during the un-Mirandized detention must be suppressed due to the <u>Miranda</u> violation, regardless of the Court's ruling on the voluntariness issue.

### **CONCLUSION**

For the reasons set forth above, Defendant Terrence Walters respectfully moves the Court to suppress all statements and all tangible evidence obtained on November 14 and November 19, 2007. Mr. Walters requests an evidentiary hearing on this motion.

Respectfully Submitted,

_____/s/_____
Brian K. McDaniel
1211 Connecticut Ave., NW
Suite 506
Washington, DC 20036
202-331-0793

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : |
| | : |
| **v.** | :   Case No.: 07-346 |
| | : |
| **TERRENCE WALTERS** | : |
| | : |
| **Defendant.** | : |

### **ORDER**

Upon consideration of Defendant's Motion to Suppress Statements and Tangible Evidence, its Incorporated Memorandum of Points and Authorities and Request for Evidentiary Hearing, and the government's response thereto, and the record of the evidentiary hearing in this matter, it is hereby

**ORDERED** that Defendant's motion is granted; and it is further

**ORDERED** that all statements and tangible evidence obtained are suppressed from use at trial.

**IT IS SO ORDERED** this _____ day of _____, 2008.

_____
The Honorable Judge Bates