UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA   : | |
| : | CRIMINAL NO.  07-346 (JDB) |
| v.        : | |
| : | |
| TERRENCE S. WALTERS,   : | |
| : | |
| Defendant.  : | |

**GOVERNMENT'S MOTION IN LIMINE SEEKING ADMISSION OF**
**EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby moves in limine for admission of certain evidence pursuant to Federal Rule of Evidence 404 (b).  The government relies upon the points and authorities set out in this memorandum and at any hearing on this matter.

**Factual Background**

The defendant is charged in a seven-count indictment with drug and weapons charges stemming from his constructive possession of a gun, cocaine and marijuana when his car was stopped on November 14, 2007 (Counts One, Two, Three and Four), and his constructive possession of two additional guns and cocaine when his home was searched by police on November 19, 2007 (Counts Five, Six and Seven).

On November 14, 2007, at approximately 7:53 p.m. in the evening, officers of the United States Park Police were in an unmarked cruiser at a traffic light at the intersection of South Capitol and Galveston Streets, S.W., Washington, D.C.  At the time, officers observed a blue Buick driven by the defendant that appeared (and was subsequently confirmed) to have windows tinted in violation of D.C. law.  They conducted a traffic stop of the car.

At the stop, while speaking with the defendant, officers observed the odor of burnt marijuana coming from the vehicle. In response to questions, the defendant directed officers to his right outer jacket pocket in which they located a clear section of cellophane containing approximately 3.0 grams of a green leafy substance that field tested for marijuana. Search incident to arrest of defendant's person revealed $2360 in U.S. currency and a cell phone. The officers also located a backpack on the floorboard behind the passenger seat. Inside the backpack was 519 grams of a white powder in a large ziplock freezer bag, which powder field-tested positive for cocaine. Also inside the bag police found a Taurus 9 mm semi-automatic handgun. The gun was loaded and later found to be operable. Also inside the backpack was mail matter and Bank of America documents bearing the defendant's name, defendant's passport, and a wallet containing defendant's driver's license.

On November 19, 2007, officers executed a search warrant on 3790 Martin Luther King Avenue, S.E., Apartment 7B, Washington, D.C. They believed that this apartment belonged to the defendant based on mail matter found in the backpack and the fact that defendant's name was on the mail box. Inside the apartment, the officers located thirty-three grams of a rock substance that field-tested positive for crack cocaine. Twenty-nine grams were located in a cabinet above the refrigerator and four grams were located in a shoe box in the apartment's only bedroom. The officers found drug paraphernalia, including scores of empty ziplock bags, electric scales, silverware with white powder residue, a white pot with white powder residue, and three large plastic bags with duct tape and white powder residue. The officers also found tally sheets that contained names and phone numbers and the word "weed." Finally, the officers located an unloaded .380 caliber semi-automatic handgun, a loaded .45 caliber semi-automatic handgun,

ammunition for the .45 caliber weapon, a magazine to a Glock .40 caliber handgun, and a cleaning kit for a .22 caliber handgun.

### Other Crimes and Bad Acts by the Defendant

The government seeks to introduce the facts and circumstances surrounding defendant's previous arrests for possession of weapons and cocaine. Specifically, on November 5, 1992, defendant was charged in the Criminal Court of the City of New York, County of Queens, with Murder in the Second Degree, Criminal Possession of a Weapon in the Second Degree Armed Felony, and Criminal Possession of a Weapon in the Third Degree Armed Felony. He was subsequently convicted on the second count, Criminal Possession of a Weapon in the Second Degree Armed Felony, and sentenced to 18 to 54 months incarceration. The United States has ordered the underlying facts in this case on an expedited basis, but does not yet have those facts because the events transpired in another jurisdiction. The United States will amend its motion as soon as it gains the requisite facts from Queens County, New York.

In addition, the government would seek to admit the facts and circumstances surrounding defendant's alleged possession with intent to distribute crack cocaine in the District of Columbia on March 6, 1992. Again, the United States has ordered the underlying facts in this case on an expedited basis, but does not yet have those facts because the file has been archived. The United States will amend its motion as soon as it gains the requisite facts.

The government seeks to introduce this evidence under Federal Rule of Evidence 404 (b), for the purpose of proving that defendant knowingly and intentionally possessed the weapons and the drugs and for proving that he possessed the specific intent to distribute the drugs.

## Legal Analysis

It is well-established in this circuit that evidence of a defendant's prior possession with intent to distribute drugs may be admitted to demonstrate intent and knowledge when the government charges defendant with constructive possession of drugs. United States v. Pettiford, 2008 WL 495602, at *3 and n.1 (D.C. 2008). So too can evidence of a defendant's prior possession of weapons be admitted to demonstrate intent and knowledge when the government charges defendant with constructive possession of a weapon. United States v. Cassell, 292 F.3d 788 (D.C. 2002). These cases are directly on point here, where the defendant is charged in six of the seven counts of the indictment with drug and weapons possession charges on a theory of constructive possession.

Evidence of other crimes, wrongs or acts is admissible under Federal Rule of Evidence 404 (b) if offered for a permissible purpose. Such permissible purposes include proof of intent, motive, opportunity, plan, knowledge, identity or absence of mistake or accident. United States v. Miller, 895 F.2d 1431, 1436 (D.C. Cir. 1990). In determining admissibility of 404 (b) evidence, courts undertake a two part analysis. Initially, the Court considers whether the evidence is relevant pursuant to the standard set forth in Rule 404 (b). "[U]nder Rule 404(b), any purpose for which bad acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove bad character." Miller, 895 F.2d at 1436.[1] If the Court deems the evidence to be relevant, the Court then must determine whether the prejudicial impact of the

---

[1] In the context of 404 (b), similar act evidence may be admissible if the jury can reasonably conclude that the act occurred and that the defendant was the actor. A preliminary finding by the court that the Government has proved the act by a preponderance of the evidence is not called for under Rule 104 (a). Huddleston v. United States, 485 U.S. 681 (1988).

testimony substantially outweighs its probative value. See Fed. R. Evid. 403; United States v. Moore, 732 F.2d 983, 987 (D. C. Cir. 1984).[2] In close cases, the rule tilts toward the admission of the prior misconduct evidence. Id. at 989; United States v. James Johnson, 802 F.2d 1459, 1463-64 ("the balance should generally be struck in favor of admission when the evidence indicates a close relationship to the event charged.") (quoting United States v. Day, 591 F.2d 861, 878 (D.C. Cir. 1978)).

Subject to balancing, a court should admit 404 (b) evidence to prove such elements if the 404(b) evidence requires the same intent as the charged offense, and the jury could conclude that the defendant committed the offense. United States v. Williams, 895 F.2d 1202, 1205-1206 (8th Cir. 1990) (evidence that defendant was found with guns and drugs in 1986 and 1987 was relevant to show that it was no mistake or accident that defendant had guns and drug paraphernalia in his apartment during execution of search warrant in 1988, and to show knowledge); United States v. Green, 40 F.3d 1167, 1174 (11th Cir. 1994) (where defendant pleaded not guilty to narcotics conspiracy charge, he made intent a material issue in the case and warranted admission of prior arrest for possession of cocaine). See United States v. Clarke, 24 F.3d 257, 264 (D.C. Cir. 1994) (evidence of prior sales of cocaine by defendants admissible to establish intent regarding their possession of large amounts of cocaine on dates charged in the indictment). As the Court recognized in United States v. Moore, supra, 732 F.2d at 991, "the

---

[2]   Naturally, nearly all evidence offered by the government in a criminal proceeding will be arguably prejudicial to the defendant. However, it is only when the prejudicial effect of the evidence is unfair and substantially outweighs the probative value of the evidence that the evidence should be excluded. United States v. Moore, supra, 732 F.2d at 989. In making this determination, the trial court is granted wide latitude and its decision will be reviewed only for "grave abuse." United States v. Washington, 969 F.2d 1073, 1081 (D.C. Cir 1992), cert. denied, 113 S. Ct. 1287 (1993).

intent with which a person commits an act on a given occasion can many times be best proven by testimony or evidence of his acts over a period of time thereto . . ..″ See also United States v. Washington, supra, 969 F.2d at 1080-1081 (when defendant charged with distribution and possession with intent to distribute drugs, 404 (b) evidence of his prior drug transactions was admissible to demonstrate intent, knowledge, plan and absence of mistake).[3]

      As the Court of Appeals noted in United States v. Cassell, 292 F.3d 788, 791 (D.C. Cir. 2002), "[w]e have previously held that 'in cases where a defendant is charged with unlawful possession of something, evidence that he possessed the same or similar things at other times is often quite relevant to his knowledge and intent with regard to the crime charged.'" Id. at 793 (citation omitted). In the instant case, among other things, the government must prove that the defendant constructively possessed the weapon and the cocaine found in his vehicle, with the intent to distribute the cocaine. The "other crimes" evidence of defendant's previous possession

---

[3] See also United States v. Harrison, 679 F.2d 942, 948 (D.C. Cir. 1982) (evidence of defendant's prior drug trafficking admissible in trial of charges of possession with intent to distribute drugs to show intent, preparation, plan and knowledge); United States v. Michael Johnson, et al., 40 F.3d 436 (D.C. Cir. 1994) (proper to admit evidence of a prior drug transaction as bearing on intent to possess); United States v. Brown, 16 F.3d 423 (D.C. Cir. 1994) (evidence of subsequent possession of gun and beeper admissible to prove prior intent to distribute), cert. denied, 115 S. Ct. 257 (1994); United States v. Springs, 936 F.2d 1330, 1332-1333 (D.C. Cir. 1991) (in case charging possession with intent to distribute cocaine, court held that possession of a beeper and tickets showing repeated travel to New York admissible to prove defendant's knowledge or intent, even if the possession might be considered probative of defendant's character or evidence of an extrinsic act); United States v. Watson, 894 F.2d 1345, 1348-1349 (D.C. Cir. 1990) (admitting subsequent drug negotiation as probative of defendant's intent and knowledge); United States v. Manner, 887 F.2d 317, 321 (D.C. Cir. 1989) (admitting evidence of cocaine sale that occurred ten weeks after the offense for which defendant was charged), cert. denied, 493 U.S. 1062 (1990); United States v. Jones, 476 F.2d 533, 536-537 (D.C. Cir. 1973) (affirming admission of prior narcotics sale due to similarity of drug sold, location of transaction, and to allow Government to rebut defendant's denial of involvement with narcotics traffic).

with intent to distribute cocaine and possession of a weapon is highly probative of the defendant's knowing and intentional possession of the weapons and drugs in this case. It also shows that the defendant's possession of the cocaine and weapon was not the result of mistake or accident. Finally, defendant's prior possession of cocaine with intent to distribute is probative of his specific intent to distribute the drugs in this case. See Pettiford, 2008 WL 495602, at *3. As the Court of Appeals observed en banc, "[a] defendant's hands-on experience in the drug trade cannot alone prove that he possessed drugs on any given occasion. But it can show that he knew how to get drugs, what they looked like, where to sell them, and so forth. Evidence of a defendant's experience in dealing drugs -- evidence, that is, of his 'bad acts' -- thus may be a 'brick' in the 'wall' of evidence needed to prove possession." United States v. Crowder, 141 F.3d 1202, 1209, n.5 (D.C. 1998) (en banc).

Because of the highly probative nature of such Rule 404 (b) evidence in the context of drug cases, the courts have generally not hesitated to admit such evidence for the purposes sought here. See, e.g., Pettiford, 2008 WL 495602, at *3 (evidence of defendant's prior drug sales was properly admitted to show defendant knowingly and intentionally possessed cocaine in a car and had the specific intent to distribute it); Cassell, 292 F.3d at 792 (evidence of defendant's prior possession of weapon on two occasions was properly admitted to show defendant knowingly and intentionally possessed the gun recovered in a search warrant of his home); United States v. Burch, 156 F.3d 1315, 1323-24 (D.C. Cir. 1998) (evidence of defendant's prior arrest and conviction for PWID crack cocaine was properly admitted under Rule 404(b) to show defendant's knowledge and intent in prosecution for possession with intent to distribute crack cocaine); Crowder, 141 F.3d at 1208-09 (noting that defendant's subsequent purchase of cocaine was

permissible under Rule 404(b) for multiple purposes, including motive, intent, possession, and knowledge); United States v. Johnson, 40 F.3d 436, 441 n.3 (D.C. Cir. 1994) (prior drug transaction properly admitted under Rule 404(b)).  The significant probative value of the evidence here is clearly not outweighed by the danger of unfair prejudice in this case.

Whatever prejudice the defendant may perceive, moreover, can adequately be addressed through the use of a limiting instruction to the jury.  "[I]t is the law, pure and simple, that jury instructions can sufficiently protect a defendant's interest in being free from undue prejudice." United States v. Perholtz, 842 F.2d 343, 361 (D.C. Cir.), cert. denied, 488 U.S. 821 (1988) (citation omitted).  Accord Zafiro v. United States, 506 U.S. 534, 540-41.

WHEREFORE, the government respectfully requests that it be permitted to introduce the above-referenced Rule 404(b) evidence at trial.

Respectfully submitted,

JEFFERY A. TAYLOR
United States Attorney

 /s/ David P. Saybolt
DAVID P. SAYBOLT
Assistant United States Attorney
Federal Major Crimes Section
VA Bar No 44518
555 4th Street, N.W.  #4840
Washington, DC 20530
(202) 307-6080; Fax: 353-9414
David.Saybolt@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | CRIMINAL NO. 07-346 (JDB) |
| **v.** : | |
| : | |
| **TERRENCE S. WALTERS,** : | |
| : | |
| **Defendant.** : | |

## ORDER

Upon consideration of the United States' Motion in Limine to Admit Other Crimes Evidence Pursuant to Federal Rule of Evidence 404(b), and the record herein, it is this \_\_\_\_\_ day of _____, 2008, hereby

ORDERED, that the Government's Motion be Granted.

_____
UNITED STATES DISTRICT JUDGE