# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | **Criminal Case No. 07-346 (JDB)** |
| | : | |
| TERRENCE S. WALTERS, | : | |
| | : | |
| Defendant. | : | **Motions Hearing: May 19, 2008** |
| | : | |

### GOVERNMENT'S SUPPLEMENTAL RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS TANGIBLE EVIDENCE AND STATEMENT

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits this supplemental response to defendant's motions to suppress tangible evidence and statements. Undersigned counsel was recently assigned this case and has reviewed all of the pleadings, including three defense motions to suppress by two different counsel, as well as the Government's opposition. The Government files this supplemental response solely on the issue of the admissibility of the defendant's post-arrest statement at the police station.

### Legal Argument

The Government earlier conceded statements made to Sergeant Monahan on the scene while sitting in a police car post-arrest were not made pursuant to a valid <u>Miranda</u> waiver. The Government contends these statements were voluntarily made, and not the product of police coercion. The Government now asserts that the later statements made at the police station after a valid written <u>Miranda</u> waiver are admissible pursuant to <u>Oregon v. Elstad</u>, 470 U.S. 298 (1985) (the Fifth Amendment does not require the suppression of a confession, made after proper <u>Miranda</u> warnings and a valid waiver of rights, solely because the police obtained an earlier voluntary but unwarned admission from the suspect).

The Government's evidence at a pretrial suppression hearing will demonstrate that the earlier statement inside the police car was not coercive in any manner. The conversation itself was very informal ("So, what are you, a drug dealer") and very brief. The defendant volunteered to the officers that he was a promoter in the music industry, a fact that would not have emerged had the police been attempting to overbear the defendant's will. Moreover, the defendant felt comfortable enough to engage the officers in some questioning of his own ("So what, is this a big bust for you guys?"). The police officers did not display weapons or subject the defendant to any physical discomfort. In fact, the defendant had been arrested and moved to the police car only moments earlier.

Further, the Government's evidence will demonstrate that the later statement at the police station was attenuated enough to be considered a separate statement and not a product of the earlier, invalid statement. See Missouri v. Seibert, 542 U.S. 600, 612-613 (2004). At the station, the defendant was verbally informed of his Miranda rights, while at the same time reading those rights from a Park Police form 80-A. The defendant answered the four questions on the card in the affirmative indicating that he was willing to answer questions without having an attorney present. A videotaped statement of the defendant was then taken. The officer who spoke to the defendant inside the police cruiser was not the officer who led the stationhouse interrogation. The statement by the defendant at the police station came after a voluntary, knowing and intelligent waiver of defendant's Fifth Amendment privilege.

**CONCLUSION**

WHEREFORE, for the reasons stated above, the United States respectfully submits that

defendant's motion to suppress statements should be DENIED.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney


____/s/_____
ERIC P. GALLUN
Assistant United States Attorney
Organized Crime and Narcotics Trafficking Section
Bar No. 462025
555 4th Street, N.W.  #4122
Washington, DC 20530
(202) 514-6997
Frederic.Gallun@usdoj.gov