UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Criminal No. 07-346 (JDB)** |
| v | : | |
| | : | Continued Motions date: May 22, 2008 |
| **TERRENCE S. WALTERS** | : | |

**MEMORANDUM SEEKING**
**JUDICIAL NOTICE OF D.C. CODE § 50-2207.02**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following Memorandum on Admissibility seeking judicial notice of D.C. Code § 50-2207.02, pursuant to which a motor vehicle may not be operated on the streets of Washington D.C. with front side windows that allow less than seventy percent light transmittance. As grounds for this motion, the United States relies on the following points and authorities:

**Background**

The defendant is charged in a multi-count indictment stemming from a traffic stop on November 14, 2007. As the Court heard at the motions hearing on May 19, 2008, Detective Glenn Luppino of the United States Park Police, believed that the defendant was operating a blue Buick bearing Maryland tags in violation of D.C. Code § 50-2207.02. Recognition of this law assists the Court in concluding that a legitimate basis existed upon which this traffic stop was effected. To that end, the Government requests the Court judicially notice the law of the District of Columbia.

It is the law in the District of Columbia that motor vehicles may not be operated or parked upon public streets with a front windshield or front side windows that allow less than 70% light transmittance (See Attachment 1). Law enforcement officers are entitled to stop motor vehicles to determine whether a violation of this law has occurred.

**Argument**

Judicial notice of the District of Columbia statute, D.C. Code § 50-2207.02, should be granted pursuant to well-established precedent. The notion that federal courts take judicial notice of the laws of the states is well settled. Lamar v. Micou, 114 U.S. 218, 223 (1885)("The law of any state of the Union, whether depending upon statutes or upon judicial opinions, is a matter of which the courts of the United States are bound to take judicial notice, without plea or proof."); Jannenga v. Nationwide Life Insurance Co., 288 F.2d 169, 171 (C.A.D.C. 1961)("This court has stated that federal courts 'will' take judicial notice of the law of the several states whether pleaded or not.")(citing Boland v. Love, 222 F.2d 27, 31, 95 U.S.App.D.C. 337, 340(1955)).

In this case, the Court should take judicial notice of D.C. Code § 50-2207.02. The statute was promulgated in 1994 and was amended most recently in 2005, primarily to address how notices shall be served on violators and how one must answer such notices.

          Respectfully submitted,

          Jeffrey A. Taylor
          United States Attorney
          D.C. Bar Number 498610

By: _____//s//_____
          Eric P. Gallun
          Assistant United States Attorney
          D.C. Bar Number 462025
          Organized Crime and Narcotics Trafficking Section
          555 Fourth Street, NW
          Room 4122
          Washington D.C. 20530
          202/514-6997
          Fax: 202/514-8077
          Frederic.Gallun@usdoj.gov

# ATTACHMENT A

Case 1:07-cr-00346-JDB    Document 24-2    Filed 05/20/2008    Page 1 of 4

Legislative history of Law 4-174. — See note to § 50-2203.01.

Legislative history of Law 9-96. — See note to § 50-2201.02.

Legislative history of Law 10-68. — See note to § 50-2201.05.

Legislative history of Law 12-212. — See note to § 50-2201.05.

Legislative history of Law 16-50. — Law 16-50, the "Anti-Drunk Driving Clarification Temporary Amendment Act of 2005," was introduced in Council and assigned Bill No. 16-465. The Bill was adopted on first and second readings on October 18, 2005, and November 1, 2005, respectively. Signed by the Mayor on November 21, 2005, it was assigned Act No. 16-210 and transmitted to Congress for its review. D.C. Law 16-50 became effective on Feb. 9, 2006, and expires on Sept. 22, 2006.

Legislative history of Law 16-195. — See note to § 50-2201.05.

CASE NOTES

Applied in Ransford v. District of Columbia, App. D.C., 583 A.2d 186, 1990 D.C. App. LEXIS 294 (1990).

§ 50-2205.03. Admissibility of test results [Formerly § 40-717.2].

An official copy of the results of any blood, urine, or breath test performed on a person by a technician or by a police officer shall be admissible as substantive evidence, without the presence or the testimony of the technician or of the police officer who administered the test, in any proceeding in which that person is charged with a violation of § 50-2201.05(b); provided, that the police officer or the technician certifies that the breath test was conducted in accordance with the manufacturer's specifications, and that the equipment on which the breath test was conducted has been tested within the past 3 months and has been found to be accurate or, in the case of a blood or urine specimen, that the test of the specimen has been certified to be accurate by the chief toxicologist, Office of the Chief Medical Examiner or his or her designee; provided, further, that the person on whom any blood, urine, or breath test has been performed, or that person's attorney, may seek to compel the attendance and the testimony of the technician or of the police officer in any proceeding by stating, in writing, the reasons why the accuracy of the test result is in issue and by requesting, in writing, at least 15 days in advance of the proceeding, that such technician or such police officer appear and testify in the proceeding. Any such person upon whom a blood, urine, or breath test is performed, shall be informed, in writing, of the provisions of this section at the time that such person is charged. After having been informed, failure to give timely and proper notice shall constitute a waiver of the person's (on whom the test has been performed) right to the presence and testimony of the technician or the police officer. (1981 Ed., § 40-717.2; Sept. 14, 1982, D.C. Law 4-145, § 3, 29 DCR 1138; Mar. 9, 1983, D.C. Law 4-174, § 6, 29 DCR

5753; May 5, 1992, D.C. Law 9-96, § 2(b), 38 DCR 7274.)

Section references. — This section is referenced in § 25-1006.

Legislative history of Law 4-145. — See note to § 50-2201.03.

Legislative history of Law 4-174. — See note to § 50-2203.01.

Legislative history of Law 9-96. — See note to § 50-2201.02.

CASE NOTES

Cross-examination.
Evidence.
—Inadmissible.

Cross-examination.

Former D.C. Code § 40-717.2 (now D.C. Code § 50-2205.03) provides a means for a defendant to compel a test administrator to testify at a trial but, when that person is already present and on the witness stand, the statute has no function, and defense counsel may conduct whatever cross-examination may be appropriate without regard to the statute. Villa v. District of Columbia, App. D.C., 778 A.2d 309, 2001 D.C. App. LEXIS 158 (2001).

Evidence.

— Inadmissible.

Trial court did not err in denying a drivers request for the presence of the technician in order to challenge the accuracy of blood alcohol content readings, because the driver did not affirmatively state the reasons for challenging the test results; since the trial court had the duty to consider whether the technician was competent to testify, it properly denied the driver's request on the ground that a technician who merely operates the equipment could not be reasonably expected to qualify as an expert on such test results. Washington v. District of Columbia, App. D.C., 538 A.2d 1151, 1988 D.C. App. LEXIS 21 (1988).

Subchapter IV.

Obscured Vision.

§ 50-2207.01. Smoke screens prohibited [Formerly § 40-718].

Repealed.

(Mar. 3, 1925, 43 Stat. 1124, ch. 443, § 11; 1973 Ed., § 40-610; 1981 Ed., § 40-718; Sept. 14, 1982, D.C. Law 4-145, § 7, 29 DCR 3138; Apr. 29, 2004, D.C. Law 15-154, § 12, 50 DCR 10996.)

Legislative history of Law 15-154. — Law 15-154, the "Elimination of Outdated Crimes Amendment Act of 2003," was introduced in Council and assigned Bill No. 15-79. The Bill was adopted on first and second readings on Oct. 7, 2003, and Nov. 4, 2003, respectively. Signed by the Mayor on Nov. 25, 2003, it was assigned Act No. 15-255 and transmitted to Congress for its review. D.C. Law 15-154 became effective on Apr. 29, 2004.

§ 50-2207.02. Tinted windows prohibited [Formerly § 40-718.1].

(a)(1) Except as provided in subsection (b) of this section, no motor vehicle, other than a mini-van,

§ 50-2207.02                MOTOR AND NON-MOTOR VEHICLES AND TRAFFIC

may be operated or parked upon the public streets or spaces of the District of Columbia with:

    (A) A front windshield or front side windows that allow less than 70% light transmittance; or

    (B) A rear windshield or rear side windows that allow less than 50% light transmittance.

  (2) Except as provided in subsection (b) of this section, no mini-van may be operated or parked upon the public streets or spaces of the District of Columbia with:

    (A) A front windshield or front side windows that allow less than 55% light transmittance, or

    (B) A rear windshield or rear side windows that allow less than 35% light transmittance.

  (b) A motor vehicle may be operated or parked upon the public streets of the District of Columbia with a front windshield that allows less than 70% light transmittance above the AS-1 line, or within 5 inches from the top of the windshield.

  (c) Any person who operates or parks a motor vehicle in violation of subsection (a) of this section shall be issued a $50 citation.

  (d)(1) Except as provided by subsection (f) of this section, any motor vehicle found to violate subsection (a) of this section shall be required to be inspected at an official District Inspection Station within 5 business days after the finding.

  (2) If the motor vehicle is not brought into compliance with subsection (a) of this section by the end of the 5-day period, the owner of the vehicle shall be fined not more than $1,000.

  (e)(1) Except as provided by subsection (f) of this section, any motor vehicle found to violate subsection (a) of this section on a second or subsequent occasion shall be required to be inspected at an official District Inspection Station within 5 business days after the second or subsequent finding.

  (2) If the motor vehicle is not brought into compliance with subsection (a) of this section by the end of the 5-day period, the owner of the vehicle may be fined not more than $5,000.

  (f) Any police officer or other authorized government agent of the District may order the immediate removal of a motor vehicle from the public streets to an official District Inspection Station if the police officer or other authorized government agent determines that the health and safety of the public is at risk due to window tinting in violation of subsection (a) of this section.

  (g) No person shall install window tinting on a motor vehicle which is not exempt pursuant to subsection (h) of this section, in the District of Columbia which would cause the motor vehicle to violate subsection (a) of this section if the vehicle were operated or parked on the public streets of the District of Columbia.

  (h) This section shall not apply to:

    (1) Limousines, ambulances, buses, and hearses meeting the requirements of 18 DCMR § 413.10;

    (2) Church owned vehicles;

    (3) All official government vehicles;

    (4) Vehicles with tinted windows installed by the manufacturer prior to purchase; or

    (5) Vehicles exempted by the Director of the Department of Motor Vehicles because the owner of the vehicle has a medical condition requiring windows which allows less light than permitted pursuant to subsection (a) of this section.

  (i) Nothing in this subchapter shall be construed to modify or affect any federal law concerning the window tinting of motor vehicles that is applicable to manufacturers, importers, dealers, or motor vehicle repair businesses for new or used motor vehicles and equipment.

  (j) The Director of the Department of Motor Vehicles is authorized to promulgate rules to implement the provisions this section and to amend existing provisions of Title 18 of the District of Columbia Municipal Regulations to conform to its requirements. Rules promulgated or amended pursuant to this section shall be submitted to the Council for a 45-day period of review, excluding Saturdays, Sundays, holidays, and days of Council recess.

  (k) Notice of an infraction issued pursuant to subsection (d)(2) or (e)(2) of this section shall be mailed by U.S. mail to the owner's last known address in the Department of Motor Vehicles' records.

  (l) Violations of subsections (d)(2) and (e)(2) of this section shall be adjudicated as moving violations.

  (m) Answers to notices sent pursuant to subsection (k) of this section shall be in accordance with § 50-2302.05(a), (b), (c), and (e), and subsection (n) of this section.

  (n)(1) A person to whom a notice of infraction has been issued shall answer within 30 calendar days of the date the notice was mailed or within a greater period of time as prescribed by the Director by regulation.

  (2) If a person fails to answer the notice within the 30-day period or within the period of time prescribed by the Director, the person's registration certificate shall be suspended. The notice of the suspension shall be mailed by U.S. mail to the person's address on the Department's records. Suspension shall take effect 15 days after the date the notice of suspension was mailed.

  (3) The possession by the Department of a copy of the notice of suspension addressed to a person or a copy of the certificate or affidavit provided for in 18 DCMR § 307.7 shall establish a rebuttable presumption that the notice of suspension was received by the person by the date the suspension became effective.

  (4) A suspension resulting from a failure to answer shall remain in effect until the person answers the notice, except that once the offense is deemed admitted the suspension may be lifted only by payment of the fine for the offense and any additional penalties imposed pursuant to § 50-

[right margin, partially obscured:]

...1.05, for failure to a
...red by paragraph (1)
...(o) The Director shall
...ng for inspection pur...
...window tint violates s
...section.
...(p) No points shall b
...of this section. (1981
..., 1925, 43 Stat. 111!
Aug. 26, 1994, D.C. La
Apr. 27, 2001, D.C. I
...057; Apr. 8, 2005, D.
DCR 1700.)

**Effect of amendmen**
section.
Section 402 of D.C. La
added (j).
D.C. Law 15-307 adde
**Legislative history** 
"Motor Vehicle Tinted
was introduced in Cou
The Bill was adopted or
7, 1994, and June 21,
Mayor on July 8, 1994,
transmitted to both Ho
Law 10-163 became eff
**Legislative histor**
§ 50-2201.02.
**Legislative histor**
"Department of Motor
2004," was introduce
15-1011. The Bill was
on Nov. 9, 2004, and
the Mayor on Dec. 29,
and transmitted to
15-307 became effect

Limousines.
Probable cause.

**Limousines.**
Because the legis
that the tinting of
some measure enh
there was a rationa
the requirements o
App. D.C., 704 A.2

**Probable cause.**
Stop of defenda
windows violated
pretextual, was n
probable cause to
violation of D.C.
able offense, defe
or of having viol
testimony regard
defendant had b
contradicted ano
Green, 437 F. S
(D.D.C. 2006).

2301.05, for failure to answer within the time required by paragraph (1) of this subsection.

(o) The Director shall reject any vehicles appearing for inspection pursuant to § 50-1101, whose window tint violates subsection (a) or (b) of this section.

(p) No points shall be assessed for any violation of this section. (1981 Ed., § 40-718.1; Act of Mar. 3, 1925, 43 Stat. 1119, ch. 443, § 11a, as added Aug. 26, 1994, D.C. Law 10-163, § 2, 41 DCR 4886; Apr. 27, 2001, D.C. Law 13-289, § 402, 48 DCR 2057; Apr. 8, 2005, D.C. Law 15-307, § 205(b), 52 DCR 1700.)

**Effect of amendments.** — D.C. Law 10-163 added this section.

Section 402 of D.C. Law 13-289 rewrote (a) and (h); and added (j).

D.C. Law 15-307 added (k)-(p).

**Legislative history of Law 10-163.** — Law 10-163, the "Motor Vehicle Tinted Window Amendment Act of 1994," was introduced in Council and assigned Bill No. 10-422. The Bill was adopted on first and second readings on June 7, 1994, and June 21, 1994, respectively. Signed by the Mayor on July 8, 1994, it was assigned Act No. 10-276 and transmitted to both Houses of Congress for its review. D.C. Law 10-163 became effective on August 26, 1994.

**Legislative history of Law 13-289.** — See note to § 50-2201.02.

**Legislative history of Law 15-307.** — Law 15-307, the "Department of Motor Vehicles Reform Amendment Act of 2004," was introduced in Council and assigned Bill No. 15-1011. The Bill was adopted on first and second readings on Nov. 9, 2004, and Dec. 7, 2004, respectively. Signed by the Mayor on Dec. 29, 2004, it was assigned Act No. 15-704 and transmitted to Congress for its review. D.C. Law 15-307 became effective on Apr. 8, 2005.

CASE NOTES

Limousines.
Probable cause.

**Limousines.**
Because the legislature might reasonably have believed that the tinting of the windows in limousines would in some measure enhance the security of their occupants there was a rational basis for excluding these vehicles from the requirements of this section. Tucker v. United States, App. D.C., 704 A.2d 845 (1997).

**Probable cause.**
Stop of defendant's car on a suspicion that its tinted windows violated D.C. Code § 50-2207.02, even if pretextual, was not improper; however, the officer lacked probable cause to arrest defendant thereafter because a violation of D.C. Code § 50-2207.02 was not an arrestable offense, defendant exhibited no signs of nervousness or of having violated any law, and the arresting officer's testimony regarding a suspicious liquid in a cup that defendant had been drinking from was not credible and contradicted another officer's testimony. United States v. Green, 437 F. Supp. 2d 38, 2006 U.S. Dist. LEXIS 39328 (D.D.C. 2006).

## Subchapter V.
## Automated Traffic Enforcement.

### § 50-2209.01. Authorized; violations as moving violations; evidence; definition [Formerly § 40-751].

(a) The Mayor is authorized to use an automated traffic enforcement system to detect moving infractions. Violations detected by an automated traffic enforcement system shall constitute moving violations. Proof of an infraction may be evidenced by information obtained through the use of an automated traffic enforcement system. For the purposes of this subchapter, the term "automated traffic enforcement system" means equipment that takes a film or digital camera-based photograph which is linked with a violation detection system that synchronizes the taking of a photograph with the occurrence of a traffic infraction.

(b) Recorded images taken by an automated traffic enforcement system are prima facie evidence of an infraction and may be submitted without authentication. (1981 Ed., § 40-751; Apr. 9, 1997, D.C. Law 11-198, § 901, 43 DCR 4569.)

**Legislative history of Law 11-198.** — Law 11-198, the "Fiscal Year 1997 Budget Support Act of 1996," was introduced in Council and assigned Bill No. 11-741. The Bill was adopted on first and second readings on June 19, 1996, and July 3, 1996, respectively. Signed by the Mayor on July 26, 1996, it was assigned Act No. 11-360 and transmitted to both Houses of Congress for its review. D.C. Law 11-198 became law April 9, 1997.

**Legislative history of Law 11-226.** — Law 11-226, the "Fiscal Year 1997 Budget Support Temporary Amendment Act of 1996," was introduced in Council and assigned Bill No. 11-896. The Bill was adopted on first and second readings on October 1, 1996, and November 7, 1996, respectively. Signed by the Mayor on December 4, 1996, it was assigned Act No. 11-453 and transmitted to both Houses of Congress for its review. D.C. Law 11-226 became effective on April 9, 1997.

CASE NOTES

**Constitutionality.**
District of Columbia Automated Traffic Enforcement System accurately captured and recorded traffic violations; thus, there was no constitutional infirmity in the code provision that declared recorded images to be prima facie evidence of an infraction. Agomo v. Fenty, 916 A.2d 181, 2007 D.C. App. LEXIS 11 (2007).

### § 50-2209.02. Liability for fines; notice of infraction; hearing [Formerly § 40-752].

(a) The owner of a vehicle issued a notice of infraction shall be liable for payment of the fine