

U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

**FILED**

**AUG 1 4 2008**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*Judiciary Center*
*555 Fourth St., NW*
*Washington, DC 20530*

June 10, 2008

William Moffitt, Esq.
Moffitt and Broadnax
1700 Pennsylvania Avenue, NW
Suite 400
Washington DC 20006

>  Re: <u>United States v. Terrence S. Walters</u>,
>      Cr. No. 07-346 (JDB)

Dear Mr. Moffitt:

This letter confirms the agreement between your client, Terrence S. Walters, and the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the plea agreement. The terms of the offer are as follows:

Terrence S. Walter's Obligations, Acknowledgments and Waivers:

1. Your client, Terrence S. Walter, agrees to admit guilt and enter a plea of guilty to Counts One and Six of the pending indictment, in violation of 18 U.S.C. § 922(g)(1) (Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year), and 21 U.S.C. § 841(a)(1), 21 U.S.C. §841(b)(1)(B)(iii) (Unlawful Possession With Intent to Distribute Five Grams or More of Cocaine Base). Your client further understands that pursuant to 18 U.S.C. § 924(a)(2) the charge of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year carries a term of imprisonment of ten years; and/or a $250,000 fine pursuant to Title 18 U.S.C. § 3571(b)(3); and a term of supervised release of up to three years pursuant to Title 18 U.S.C. § 3583(b)(3). Your client understands that pursuant to 21 U.S.C. § 841(b)(1)(B)(iii), the charge of Unlawful Possession With Intent to Distribute Five Grams or More of Cocaine Base carries a term of imprisonment of not less than five years and not more than 40 years, a fine of $2,000,000, or both, and a term of supervised release of at least four years. In addition, your client agrees to pay a special

assessment of $100 per felony conviction for a total of $200, to the Clerk of the United States District Court for the District of Columbia prior to the date of sentencing. Your client further understands that the United States Sentencing Guidelines Manual ("Sentencing Guidelines") will apply to determine your client's guideline range and that pursuant to Section 5E1.2 of the Sentencing Guidelines, the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release and period of probation. Your client acknowledges that if the Court determines that your client is a career offender, he may be subject to additional penalties.

     2. Your client agrees and will acknowledge at the time of the plea of guilty to the criminal charges stated above that, pursuant to Section 1B1.3 of the Sentencing Guidelines, your client is accountable for at least 400 grams but less than 500 grams of cocaine, at least 20 grams but less than 35 grams of cocaine base, commonly known as crack cocaine. Your client acknowledges that his base offense level should bee increased by two (2) levels pursuant to U.S.S.G. §2D1.1(b)(1) to reflect that he possessed firearms, specifically a Wildey .45 caliber handgun and a Lorcin .380 caliber handgun, during the drug trafficking offense to which he is pleading guilty. Your client acknowledges that the Court will be required to make a determination with respect to the quantity that represents the total amount involved in your client's relevant criminal conduct, including amounts your client distributed or possessed with intent to distribute. Your client acknowledges that the Court's determination may or may not be the same as the defendant's admission.

     3. The Government agrees that it will not seek any increases in your client's base offense level other than those which are agreed to by your client in this agreement. The Government further agrees that it will not seek an upward departure from the otherwise applicable guideline range established by the Sentencing Guidelines. Your client understands and acknowledges that the terms of this paragraph apply only to conduct that occurred prior to the execution of this agreement. Should your client commit any conduct after the date of this agreement that would form the basis for an increase in your client's base offense level or justify an upward departure (examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer or Court), the Government is free under this agreement to seek an increase in the base offense level based on that post-agreement conduct.

     4. Your client agrees to the forfeiture of a Taurus 9mm semi-automatic handgun that was seized during a traffic stop on November 14, 2007, and a Wildey .45 caliber handgun and a Lorcin .380 caliber handgun, which were seized during the execution of a search warrant at 3790 Martin Luther King Avenue, SE, Washington DC, on November 19, 2007. Your client agrees to waive all interest in this property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state, local or federal. He agrees that the government may choose in its sole discretion how it wishes to accomplish forfeiture of this property.

     5. Your client agrees not to object to the Government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. § 3143, your client be

detained without bond pending your client's sentencing in this case.

6. In entering this plea of guilty, your client understands and agrees to waive certain rights afforded to your client by the Constitution of the United States and/or by statute. In particular, your client knowingly and voluntarily waives or gives up his right against self-incrimination with respect to the offense(s) to which your client is pleading guilty before the Court which accepts your client's plea. Your client also understands that by pleading guilty your client is waiving or giving up your client's right to be tried by a jury or by a judge sitting without a jury, the right to be assisted by an attorney at trial and the right to confront and cross-examine witnesses. Your client specifically reserves the right to appeal the denial of the motion to suppress physical evidence in this case.

7. Your client understands that the sentence in this case will be imposed in accordance with 18 U.S.C. Sections 3553(a) and 3552c through (f), upon consideration of the <u>United States Sentencing Commission's Guidelines Manual</u>. Your client further understands that the sentence to be imposed is a matter solely within the discretion of the Court. Your client acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing.

8. Your client understands that this Office reserves its full right of allocution for purposes of sentencing in this matter. In particular, the United States reserves its right to recommend a specific period of incarceration and fine up to the maximum sentence of incarceration and fine allowable by law. In addition, if in this plea agreement the Government has agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

9. Your client understands and agrees that your client will not be allowed to withdraw the guilty plea entered under this agreement solely because of the harshness of the sentence imposed. Such a motion to withdraw shall constitute a breach of this agreement.

## THE GOVERNMENT'S OBLIGATIONS, ACKNOWLEDGMENTS AND WAIVERS:

10. This Office will request that the Court dismiss the remaining counts of the indictment in this case at the time of sentencing. Your client, however, agrees and acknowledges that the charges to be dismissed at the time of sentencing were based in fact and would not provide your client with a basis for any future claims as a "prevailing party" under the "Hyde Amendment," P.

11. Assuming your client clearly demonstrates acceptance of responsibility to the satisfaction of the Government, through your client's allocution and subsequent conduct prior to the imposition of sentence, the Government agrees that a 2-level reduction would be appropriate pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming your client has accepted responsibility as described in the previous sentence and that your client's base offense level is 16 or greater, the Government agrees that an additional 1-level reduction would be appropriate pursuant to U.S.S.G. § 3E1.1(b), because your client has assisted authorities by providing timely notice of your client's intention to enter a guilty plea, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently, provided that your client cooperates and is truthful and candid during the pre-sentence investigation, and does not attempt to obstruct justice, deceive, withhold, or otherwise mislead any law enforcement agent, the Court, the Probation Office or the Government concerning any issue relevant to the imposition of sentence.

The parties further agree that a sentence within the applicable Guidelines Range established by the Sentencing Guidelines would constitute a reasonable sentence in light of all of the factors set forth in Title 18, United States Code, Section 3553(a). In addition, neither party will seek a sentence outside of the applicable Guideline Range or suggest that the Court consider a sentence outside that range. Nothing in this Agreement limits the right of the parties to make any arguments regarding where within the Sentencing Guidelines range the defendant should be sentenced. Your client understands and acknowledges that the position of the Government with respect to your client's base offense level, like any other recommendation made by the United States Attorney's Office at the time of sentencing, is not binding on the Probation Office or the Court, neither of which are parties to this agreement. Your client understands and acknowledges that the failure of the Court to sentence your client in accordance with the terms of this paragraph shall not be grounds for your client to withdraw his/her the plea of guilty in this case.

General Conditions

12. This letter sets forth the entire understanding between the parties and constitutes the complete plea agreement between your client and the United States Attorney's Office for the District of Columbia. This agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between this Office and your client.

13. This agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorney's Office or any other office or agency of the United States Government, including, but not limited to, the Tax Division of the United States Department of Justice, the Internal Revenue Service of the United States Department of the Treasury; or any state or local prosecutor. These individuals and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions.

14. There are no other agreements, promises, understandings or undertakings between your client and this Office. Your client understands and acknowledges that there can be no valid addition or alteration to this agreement unless the modification is made on the record in open Court or made in a writing signed by all of the parties.

Sincerely yours,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

ERIC P. GALLUN
Assistant United States Attorney

## DEFENDANT'S ACCEPTANCE

I have read this plea agreement and have discussed it with my attorney, William Moffitt, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 8·13·08

Terrence S. Walters
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 8/13/03

William Moffitt, Esquire
Attorney for the Defendant