UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | CRIMINAL NO. 07-346 (JDB) |
| v. : | Status date: June 24, 2008 |
| TERRENCE S. WALTERS, : | |
| Defendant. : | |

**FILED**
AUG 14 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### STATEMENT OF FACTS IN SUPPORT OF GUILTY PLEA

Had this case proceeded to trial, the parties acknowledge the Government would have proven the following facts beyond a reasonable doubt:

On November 14, 2007, at approximately 7:53 p.m., four officers of the United States Park Police were in an unmarked cruiser at a traffic light at the intersection of South Capitol and Galveston Streets, S.W., Washington, D.C. At the time, the defendant was driving a blue Buick and he crossed South Capitol Street in front of them. Detectives effected a traffic stop of the defendant's car because the defendant appeared to be in violation of the District's window tint law.

Sergeant Greg Monahan and Detective Glenn Luppino approached defendant's car on the driver's side. Both officers detected the distinctive smell of burning marijuana emanating from the driver's open window as they approached. The defendant appeared nervous. Sergeant Monahan told the defendant, who was the only person in the car, that he could smell marijuana and asked him if there was any more marijuana in the car. Defendant gestured with his left hand to his right jacket pocket. Sergeant Monahan grabbed the defendant's hands while Detective

Luppino then removed a small bag of marijuana and a lighter from defendant's pocket. On the front center seat of defendant's car police found a box of "Phillies Blunt Strawberry" cigars. Defendant was placed under arrest.

Search incident to arrest of defendant's person revealed $2360 in U.S. currency and a cell phone. The officers also located a backpack on the floorboard behind the passenger seat. Inside the backpack was 496 grams of a white powder in a large ziplock freezer bag, which powder field-tested positive for cocaine. The cocaine was sent to the Drug Enforcement Administration where it was determined to be cocaine hydrochloride, 80.2% pure. Also inside the bag police found a Taurus 9 mm semi-automatic handgun. The gun was loaded and later found to be operable. Also inside the backpack was mail matter and Bank of America documents bearing the defendant's name, defendant's passport, and a wallet containing defendant's driver's license.

A subsequent test revealed that the tint on defendant's front driver's side window permitted only ten percent of light pass through, in violation of D.C. Code § 50-2207.02 (a) that requires the front side windows of cars permit seventy percent of light to pass through.

On November 19, 2007, officers executed a search warrant on

, Washington, D.C. They believed that this apartment belonged to the defendant based on mail matter found in the backpack and the fact that defendant's name was on the mail box. They also found that a set of keys found on defendant at his arrest had a key that opened the outer door to the apartment building at that location. Inside the apartment, the officers located thirty grams of a rock substance that field-tested positive for crack cocaine. Twenty-nine grams were located in a cabinet above the refrigerator and one gram was located in

a shoe box in the apartment's only bedroom. The seized narcotics were sent to the DEA for testing and they were determined to be cocaine base, the smokeable form of cocaine known as crack cocaine, 41.3% and 82.3% pure, respectively. The officers found drug paraphernalia, including scores of empty ziplock bags, electric scales, silverware with white powder residue, a white pot with white powder residue, and three large plastic bags with duct tape and white powder residue. The officers also found tally sheets that contained names and phone numbers and the word "weed." Finally, the officers located an unloaded .380 caliber semi-automatic handgun, a loaded .45 caliber semi-automatic handgun, ammunition for the .45 caliber weapon, a magazine to a Glock .40 caliber handgun, and a cleaning kit for a .22 caliber handgun.

### Limited Nature of Proffer

This proffer of evidence is not intended to constitute a complete statement of all facts known by defendant Walters but is a minimum statement of facts intended to provide the necessary factual predicate for the guilty plea. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for defendant's plea of guilty to the charges of , commonly known as crack cocaine.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

BY: _____
ERIC P. GALLUN
Assistant United States Attorney

Bar Number: 462025
Organized Crime and Narcotics Trafficking Section
555 Fourth Street, NW, Room 4122
Washington DC 20530
202/514-6997

**Defendant's acceptance**

I have read the proffer of evidence setting forth the facts as to my participating in the crimes of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year pursuant to 18 U.S.C. § 922(g)(1), and Unlawful Possession With Intent to Distribute Five Grams or More of Cocaine Base pursuant to 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B)(iii). I have discussed this proffer fully with my attorney, William Moffitt, Esq. I fully understand this proffer and I acknowledge its truthfulness, agree to it and accept it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this proffer fully.

_____          8·13·08
TERRENCE S. WALTERS              Date
Defendant

**Defense Attorney's Acknowledgment**

I have read each of the pages constituting the government's proffer of evidence as to my client's participation in the crimes of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year pursuant to 18 U.S.C. § 922(g)(1), and Unlawful Possession With Intent to Distribute Five Grams or More of Cocaine Base pursuant to 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B)(iii). I have reviewed the entire proffer with my client and I have discussed it with him fully. I concur in my client's agreement with and acceptance of this proffer.

_____          8/13/08
WILLIAM MOFFITT, Esq.            Date
Attorney for Terrence S. Walters